Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGEI POTAPENKO and<br>IVAN TURÕGIN,<br><br>Defendants. | NO. 2:22-CR-00185-RSL<br><br>**UNITED STATES' MOTION TO COMPEL BLOCKFI TO COMPLY WITH SEIZURE WARRANTS**<br><br>Note on Motion Calendar:<br>June 2, 2023 |

## I.  INTRODUCTION

In this criminal prosecution, the United States alleges that Sergei Potapenko and Ivan Turõgin (the Defendants) induced hundreds of thousands of victims to pay more than $575 million for the purchase of contracts in a cryptocurrency mining service called HashFlare, and to invest in a virtual currency bank called Polybius Bank. The United States further alleges that the Defendants used some of the money to repay early investors and purloined the rest, as is typical in a traditional Ponzi scheme. The Defendants then used shell companies and fraudulent documents to launder the stolen funds through various financial institutions and virtual asset service providers ("VASPs").

Motion to Compel BlockFi to Comply
with Seizure Warrants - 1
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

BlockFi[1] is one of the VASPs Defendants used to hide their laundered funds. Shortly before the unsealing of the indictment in this matter, the Honorable Michelle Peterson issued, and the United States served, four seizure warrants directing law enforcement to seize the contents of the Subject Accounts.[2] Upon service on November 16, 2022, BlockFi did not immediately comply with the warrants. Twelve days later, on November 28, 2012, BlockFi filed a Chapter 11 bankruptcy petition.[3]

On February 10 and 13, 2023, BlockFi partially complied with the warrants, transferring a portion of the cryptocurrency held in the Subject Accounts to the United States. However, it has retained the vast majority of the cryptocurrency contained in those accounts, currently worth more than $30 million. Counsel for the United States and BlockFi have had extensive discussions about whether the bankruptcy impacts BlockFi's legal obligation to comply with the warrants. BlockFi and the United States agree that BlockFi is legally required to comply with the warrants and transfer to the United States the cryptocurrency in the subject accounts not previously transferred in February. The United States and BlockFi have negotiated a stipulation providing for this result.

BlockFi's bankruptcy filing, however, has complicated the matter. Earlier today, May 22, 2023, the Official Committee of Unsecured Creditors (the "Committee") filed a Verified Adversary Complaint in the bankruptcy case asking the bankruptcy court to enjoin BlockFi from complying with the seizure warrants issued by a Magistrate Judge of

---

[1] As discussed in further detail below, on November 28, 2022, BlockFi Inc.—the entity on which the warrants were served—filed for bankruptcy along with related entities. For the purpose of this Motion, "BlockFi" refers to all debtors in the bankruptcy action: BlockFi, Inc., BlockFi Trading LLC, BlockFi Lending LLC, BlockFi Wallet LLC, BlockFi Ventures LLC, BlockFi International Ltd., BlockFi Investment Products LLC, BlockFi Services Inc., and BlockFi Lending II LLC.

[2] The Subject Accounts are defined *infra*, at 3.

[3] Counsel responded to the service on of the Warrants by saying "withdrawals from all accounts on the BlockFi platform continue to be on hold. We will let you know once we receive further instructions on how these withdrawals would be resumed, and would seek to address the liquidation instructions that you have provided at that time."

Motion to Compel BlockFi to Comply
with Seizure Warrants - 2
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

this Court. Consequently, rather than proceeding by presenting the Court with a Stipulation setting forth a plan for BlockFi to complete its obligation to comply with the seizure warrants, the United States files this motion. The United States respectfully asks this Court to enter the Proposed Order compelling BlockFi to comply with the Seizure Warrants over the Committee's objection, because original and exclusive jurisdiction lies in this Court—not the Bankrupty Court.

## II. BACKGROUND

On October 27, 2022, the grand jury returned an indictment (the "Indictment") against the Defendants, charging conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud in violation of 18 U.S.C. § 1343; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Dkt. No. 1. The Indictment included forfeiture allegations providing notice to Defendants of the United States' intention to seek forfeiture of all assets involved in the money-laundering conspiracy.

On November 10, 2022, the Honorable Michelle L. Peterson signed four Warrants to Seize Property Subject to Forfeiture (the "Warrants") which required law enforcement to seize "[a]ll funds—including virtual currencies" from accounts held at BlockFi Inc. (the "Subject Accounts")[4]:

a. account dde28f21-f27c-4231-bcea-df59fb4d0718, opened on or around March 11, 2021, in the name of Sergei Potapenko, with a business name of Burfa Media OÜ and email address mblock@burfa.com;

b. account 4af22a77-8a7d-4f83-9aee-183a5b0c6a6f, opened on or around July 30, 2020, in the name of Anton Altement, with a business name of Polybius Foundation OÜ and email address anton.altement@polybius.io;

---

[4] The Warrants also indicate that "[t]he United States has made the requisite showing pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f) for issuance of this dual civil and criminal warrant" (*id.*)—that is, they contained funds involved in the money laundering described above.

Motion to Compel BlockFi to Comply
with Seizure Warrants - 3
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

    c. account 68805533-a940-40dd-a2b3-ec398baecf50, opened on or around June 14, 2021, in the name of Anton Altement, with a business name of Polybius Ventures OÜ, and email address polybius.ventures@polybius.io; and

    d. account 9de727bf-d1b6-472f-836c-d994a2fc9421, opened on or around October 1, 2020, in the name of Sergei Potapenko with email address sergei.potapenko@gmail.com.

*Id.* The United States served the Warrants on BlockFi on November 16, 2022.

On November 28, 2022, BlockFi filed a voluntary petition for bankruptcy pursuant to Title 11, jointly administered under the case styled *In re BlockFi, Inc., et al.*, Case No. 22-19361 (MBK), pending in the United States Bankruptcy Court for the District of New Jersey. On March 1, 2023, the United States filed a Forfeiture Bill of Particulars specifically identifying the contents of the Subject Accounts as property involved in the money-laundering conspiracy and therefore subject to forfeiture in the instant case pursuant to 18 U.S.C. § 982(a)(1). Dkt. No. 9.

### III. DISCUSSION

***The District Court Has Original and Exclusive Jurisdiction Over the Subject Accounts.***

As soon as a Magistrate Judge in the Western District of Washington issued the Warrants, the district court obtained original and exclusive jurisdiction over the Subject Accounts. Section 3231 of Title 18 grants to a district court jurisdiction over "all offenses against the laws of the United States." District courts also have jurisdiction over any forfeiture "incurred under any act of Congress." 28 U.S.C. § 1355. *See also United States v. $6,190.00 in U.S. Currency*, 581 F.3d 881, 885 (9th Cir. 2009) (jurisdiction over forfeiture actions is premised on a violation of an Act of Congress). An indictment alleging a violation of the federal criminal code and seeking forfeiture of assets based upon conviction of such violation necessarily falls under district court jurisdiction.[5]

---

[5] This is true even if the indictment does not specifically identify property subject to forfeiture; the Federal Rules of Criminal Procedure require only general allegations of forfeiture sufficient to give notice to defendants that the

Motion to Compel BlockFi to Comply
with Seizure Warrants - 4
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

The existence of BlockFi's pending bankruptcy action does not change the jurisdictional analysis. Though a voluntary petition for bankruptcy operates as an automatic stay of actions or proceedings against the debtors' property, this stay is subject to certain exceptions. 11 U.S.C. § 362(b). Relevant here is the exception under 11 U.S.C. § 362(b)(4) providing "that a bankruptcy filing does not stay the actions of a governmental unit enforcing its police or regulatory power." *See, e.g.*, *United States v. Klein (In re Chapman)*, 264 B.R. 565, 572 (B.A.P. 9th Cir. 2001) (criminal forfeiture action excepted from automatic stay under section 362(b)(4)); *In re Perry Petroleum Equip. LTD, Inc.*, 564 B.R. 821, 824 (Bankr. M.D. Penn. 2017) (the automatic stay does not apply to commencement or continuation of a criminal action or proceeding against the debtor). The purpose of the exception is that bankruptcy should not be "a haven for wrongdoers." *Universal Life Church, Inc. v. United States (In re Universal Life Church)*, 128 F.3d 1294, 1297 (9th Cir. 1997).

To determine whether property falls within the section 362(b)(4) exception, courts use two tests: the "pecuniary purpose test" and the "public policy test." *In re Berg*, 230 F.3d 1165, 1167 (9th Cir. 2000). Where, as here, the government is pursuing a "matter of public safety and welfare" rather than a governmental "pecuniary interest," and the government action is designed to "effectuate public policy" rather than adjudicate "private rights," both tests have been satisfied, and the § 362(b)(4) exception applies. *Id.* The Subject Accounts therefore did not become property of the bankruptcy estate. *See, e.g., In re VPH Pharmacy, Inc.*, Case No. 18-11280, 2018 WL 3574721, at *3 (E.D. Mich. July

---

government intends to seek forfeiture upon conviction. Fed. R. Crim. P. 32.2(a) (the indictment must "contain[] notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute," but "[t]he indictment or information need not identify the property subject to forfeiture"); *see also United States v. Lo*, 839 F.3d 777, 791-92 (9th Cir. 2016) (defendant not entitled to notification that the government sought forfeiture of specific property).

Motion to Compel BlockFi to Comply
with Seizure Warrants - 5
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

25, 2018) ("the seized [accounts] are not property of the bankruptcy estate."); *In re Thena Inc.*, 190 B.R. 407 (D. Or. 1995) (assets seized for forfeiture do not constitute estate property). This comports with the conclusion that this Court has original and exclusive jurisdiction, *and the bankruptcy court never obtained jurisdiction*. The fact that the Subject Accounts are now listed on Schedule F in the bankruptcy action does not make them part of the bankruptcy estate or remove them from this Court's jurisdiction. *See* 28 U.S.C. § 1334(a) ("[e]xcept as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11"). The fate of the Subject Accounts was decided before the bankruptcy petition was filed—on the date the Warrants were served. BlockFi must therefore comply with the Warrants.

***A Third Party in The Criminal Forfeiture Action Has No Right to Intervene at This Stage of Litigation.***

BlockFi is only involved in this criminal action because the Subject Accounts hold funds that represent the proceeds of criminal activity and were laundered by the Defendants. Its role as a VASP is similar to that of a financial institution holding a traditional fiat currency account—it is a third party with no right to contest the seizure, as are the creditors and any other parties to the bankruptcy action. Once an action is filed, third parties cannot intervene in a matter involving forfeiture until the conclusion of the criminal case involving the forfeiture of such property. 21 U.S.C. § 853(k). "Nor may a third party commence an action at law or equity against the United States concerning the validity of the alleged interest after the United States files an indictment with a forfeiture allegation." *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) (citing 21 U.S.C. § 853(k)(2)).[6]

---

[6] This principle is so axiomatic that any effort to impair the United States *from taking property subject to seizure into its custody or control* is a federal criminal offense. 18 U.S.C. § 2232(a).

Motion to Compel BlockFi to Comply
with Seizure Warrants - 6
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

Section 853(n) of Title 21 provides two—*and only two*—grounds for a third party to challenge the entry of a final order of forfeiture in a criminal case: (A) where the third party had an interest superior to the defendant's; and (B) where the third party was a bona find purchaser for value who was reasonably without cause to believe the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(A)-(B). The Court would not hear any such third-party arguments until after a conviction in the criminal case. In *Libretti v. United States*, the Supreme Court rejected defendant's argument that a § 853(n) proceeding inadequately protected third parties' interests. 116 S.Ct. 356 (1995). The Court emphasized that "Congress has determined that § 853(n). . . provides the means by which third-party rights must be vindicated." *Id.* at 365. There is therefore no mechanism for BlockFi or anyone else to challenge the seizure of the Subject Accounts at this time.

*The Committee of Unsecured Creditors Does Not Have Standing to Stop Compliance With the Warrants.*

The Committee was appointed pursuant to 11 U.S.C. § 1102(a). The purpose of the Committee is solely "to monitor the operations and activities of the debtor and its compliance with the requirements of the Bankruptcy Code." *In re Diversified Capital Corp*, 89 B.R. 826, 829 (Bankr. C.D. Cal. 1988) (citation omitted). It does not change the legal framework created by the Bankruptcy Code's automatic stay exception under § 362(b)(4) which provides the government with a right "that is not available to a non-governmental entity." *Chapman*, 264 B.R. at 571. Any objection by the Committee, therefore, does not alter BlockFi's obligations to comply with Warrants served prior to the filing of the bankruptcy petitions.

Motion to Compel BlockFi to Comply
with Seizure Warrants - 7
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

*The United States and BlockFi Agreed Upon a Method For Calculating The Amount BlockFi Is to Turn Over.*

The United States and BlockFi have agreed upon a framework for the transfer of funds required by the seizure warrants. The balances and conversion rates between cryptocurrency and U.S. dollars should be calculated as of the date of service of the Warrants—*i.e.*, November 16, 2022. The Subject Accounts were made up of three distinct parts: (1) cryptocurrency wallets ("Wallets"), (2) BlockFi Interest Accounts ("BIAs"), and (3) retail loan accounts, made up of collateral and loan balances, ("Loans"). BlockFi has already transferred the balance of the Wallets. What remain at issue, and are the subject of the Stipulation, are the BIAs and Loans.

BlockFi Lending LLC, one of the debtor entities, held three Loans with Defendant-controlled entities. The collateral for these accounts was held in the BIAs. Though collateral was held in cryptocurrency, loans were made in U.S. dollars.

In order to calculate the amount owed on the loans as of November 16, the outstanding loan amount was converted to cryptocurrency using the exchange rate on November 16. This amount was then subtracted from the collateral held in the BIA. The result is the balance BlockFi has agreed to transfer to U.S.-controlled wallets. The total amounts are:

Bitcoin (BTC): 766.6390063

Ether (ETH): 8,288.586937

Gemini Dollar (GUSD): 110,978.06

USD Coin (USDC): 190.2106056

Tether (USDT): 0.00174

Litecoin (LTC): 0.15309219

Motion to Compel BlockFi to Comply
with Seizure Warrants - 8
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

The United States would not waive the right to seek the seizure or forfeiture of the outstanding loan amounts. Typically, even if a criminal defendant only had a partial interest in property, the United States would seize an entire account, and sort out any third party interests in an ancillary proceeding. *See, e.g., United States v. Shanholtzer*, 492 F. App'x. 799, 800-01 (9th Cir. 2012) (where defendant used forfeitable funds to acquire a secured interest in an airplane, government stepped into defendant's shoes as secured creditor, and could sell the plane to recovery the interest, while returning the equity to the third-party owner). Recognizing that in this case the entity holding the loans, *i.e.* BlockFi Lending, LLC, is one of the debtor entities, in order to avoid protracted litigation, the United States will not ask for the transfer of additional funds at this time.

### IV. CONCLUSION

For the foregoing reasons, the United States respectfully asks this Court to enter the attached Proposed Order, compelling BlockFi to comply with the Warrants.

DATED: May 22, 2023

Respectfully submitted,
BRENT S. WIBLE, Chief
Money Laundering and Asset Recovery
   Section, Criminal Division
U.S. Department of Justice

By: */s/ Adrienne E. Rosen*
ADRIENNE E. ROSEN, Trial Attorney
US Department of Justice, Criminal Division
Money Laundering and Asset Recovery Section
1400 New York Avenue, NW
Washington, DC 20005
202.616.2690
Adrienne.Rosen@usdoj.gov

Motion to Compel BlockFi to Comply
with Seizure Warrants - 9
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263