

**David Neu**
david.neu@millernash.com
206-777-7516 (direct)

May 30, 2023

**VIA ECF**

United States District Court for the Western
District of Washington

Subject:     **USA v. Potapenko et al., Motion to Compel, CR22-185 RSL**

To The Honorable Judge Robert S. Lasnik:

We are proposed local counsel for the Official Committee of Unsecured Creditors for BlockFi, Inc. (the "Committee"), Debtor in case no. 22-19361, United States Bankruptcy Court for the District of New Jersey (the "BlockFi Proceeding"). The Committee was appointed pursuant to 11 U.S.C. §1102 by the United States Trustee, a division of the United States Department of Justice.

An official creditors committee has the powers, and the duties, set forth in 11 U.S.C. § 1103, which are substantial. The Committee is an estate fiduciary, charged with fiduciary duties to all unsecured creditors of BlockFi Inc. and its affiliated debtors (the "Debtors").[1]  The Committee "plays a pivotal role in the bankruptcy process" and provides supervision and oversight of the Debtors,  may investigate the Debtors assets and affairs, and perform such other services as are in the interests of the unsecured creditor body. *See, e.g.*, *In re Refco, Inc.*, 336 B.R. 187, 195 (Bankr. SNDY 2006). In appropriate cases, pursuant to an order of the applicable bankruptcy court, a creditors' committee can be authorized to act on behalf of the estate as the appropriate estate fiduciary. *Id*.

The Committee has asserted, in the Adversary Proceeding described below, that this is a case where the Committee (and not the Debtors) is the appropriate estate fiduciary to represent the BlockFi estates in any matters proceeding in this Court. The Bankruptcy Court has not yet ruled on this request.

On May 22, 2023, the Committee filed a Verified Adversary Complaint commencing an adversary proceeding in the BlockFi Proceeding (the "Adversary Proceeding")[2] seeking to enjoin the Debtors' entry into a stipulation (the "Stipulation") between the Debtors and the United States Department of Justice (the "DOJ") and the transfer of approximately $40M of estate assets to

---

[1] In the BlockFi bankruptcy case, there are few (if any) real stakeholders that are not unsecured creditors and thus not part of the constituency the Committee is charged to represent and has fiduciary duties towards.

[2] Adv. Pro. No. 23-01144

4867-5892-6182.2

Pier 70 | 2801 Alaskan Way, Ste 300 | Seattle, WA 98121

California
Oregon
Washington
MILLERNASH.COM

USA v. Potapenko
May 30, 2023
Page 2



the DOJ. On May 22, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order in the Adversary Proceeding granting a preliminary injunction restraining BlockFi and the DOJ from entering into the Stipulation (the "First Injunction Order"). Also on May 22, 2023, the DOJ filed a Motion to Compel BlockFi, Inc. to Comply with Seizure Warrants (the "Motion to Compel") in the above-referenced proceeding. The Motion to Compel asks the Court to compel BlockFi to comply with Warrants to Seize Property Subject to Forfeiture, entered by this Court on November 10, 2022.

On May 26, 2023, the Bankruptcy Court entered an Order to Show Cause and for Temporary and Preliminary Injunctive Relief (the "Second Injunction Order"). The Second Injunction Order provides that "[t]he Government is hereby temporarily restrained from commencing or continuing any act to obtain the property from the Debtors specified in the Motion to Compel, including but not limited to prosecuting its Motion to Compel, pending further Order of this Court, and must either (i) take all necessary steps to adjourn all deadlines, noting dates, return dates, hearing dates, and all similar procedural deadlines of the Motion to Compel pending further Order of this Court; or (ii) withdraw the Motion to Compel without prejudice."

The Committee understands that the Debtors have already provided the Court with copies of the above orders, at Docket No. 24.

Based on the Second Injunction Order, the Committee will not respond to the Motion to Compel at this time, given its understanding it will be adjourned and/or taken off the calendar without prejudice. The Committee reserves its rights to respond at the appropriate time.

Sincerely,

/S/ David C. Neu

David Neu

cc via ECF:
C. Seth Wilkinson
Adrienne E. Rosen
Jehiel Isaac Baer
Olivia Zhu

65042074 v1-WorkSiteUS-039246/0001

4867-5892-6182.2