Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:22-CR-00185-RSL |
| Plaintiff, | **STATUS REPORT** |
| v. | |
| SERGEI POTAPENKO and IVAN TURÕGIN, | |
| Defendants. | |

On May 22, 2023, the United States filed a Motion to Compel BlockFi to Comply with Seizure Warrants in this Court (the "Motion"). (Dkt. No. 17). As described in the Motion, BlockFi did not comply with valid seizure warrants issued by the Honorable Michelle L. Peterson prior to filing for bankruptcy protection. *Id.* The Official Committee of the Unsecured Creditors (the "Committee") commenced a parallel proceeding in the Bankruptcy Court for the District of New Jersey to enjoin BlockFi from transferring certain cryptocurrency to the United

Status Report - 1
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

States under the seizure warrants.[1] The Verified Adversary Complaint and the Amended Verified Adversary Complaint (Bk. A.P. Dkt. No. 1 and 24) are attached hereto as Exhibits 1 and 2, respectively. As explained below, the purpose of this filing is to update this Court as to the status of the bankruptcy litigation, including a potential resolution.

## Procedural History

When the Committee commenced the Adversary Proceeding, it simultaneously filed a motion asking the Bankruptcy Court to enter a temporary restraining order ("TRO 1"), which the Bankruptcy Court issued. (Mot.) This order restrained the transfer of assets from BlockFi to the United States. (Dkt. No. 18-1). On May 26, 2023, upon the Committee's supplemental motion, the bankruptcy court entered a second temporary restraining order ("TRO 2") restraining the government's ability to litigate the Motion. (Dkt. Nos. 29, 24-2). In pertinent part, the bankruptcy judge ordered the following:

> The Government is hereby temporarily restrained from commencing or continuing any act to obtain the property from the Debtors specified in the Motion to Compel, including but not limited to prosecuting its Motion to Compel, pending further Order of this [bankruptcy] Court, <u>and</u> must either (i) take all necessary steps to adjourn all deadlines, noting dates, return dates, hearing dates, and all similar procedural deadlines of the Motion to Compel pending further Order of this Court; or (ii) withdraw the Motion to Compel without prejudice.

*Id.* at pp. 4-5 (emphasis in original).

On June 1, 2023, this Court held a Status Hearing on the Motion, after which the Court held the Motion in abeyance pending the bankruptcy proceedings in New Jersey, stating: "I'm

---

[1] That bankruptcy proceeding was initially styled as *The Off. Comm. of Unsecured Creditors v. BlockFi Inc., et al., and the United States of America.* As the bankruptcy begins to wind down, the case is now styled as *Mohsin Meghji, solely in his capacity as Plan Admin., for the Jointly Administered Ests. of the Wind Down Debtors, BlockFi, Inc. Et Al. v. United States of America*, 23-AP-01144-ABA. For the purpose of this filing, it will be referred to as the "Adversary Proceeding," and the filings will be denoted as "Bk. A.P. Dkt."

Status Report - 2
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

satisfied that it's wise for this Court at the present time to stand down and let the bankruptcy court in New Jersey proceed on the schedule that Judge Kaplan, Chief Judge Kaplan, set which seems like it has a mid-June [2023] date for the dissemination of a decision." (Dkt. No. 35, 38-1, 7:1-6). The Court further said that "the money isn't going anywhere, so I feel that the Government is secure in not losing access to that money in the meantime." *Id.* at 7:7-9.

### Bankruptcy Court Proceedings Since Status Hearing

Since that Status Hearing, litigation has continued in the Bankruptcy Court. To replace the TROs, the parties entered into the Amended Stipulation and Consent Order ("Stipulation") and agreed:

> The Parties shall take no actions to seize, recover, distribute, or transfer any of the assets or interests which are the subject of this Adversary Proceeding (the "**Subject Assets**") until thirty (30) days after the Bankruptcy Court (or, if the Motion to Withdraw the Reference is granted, the District Court) issues judgment in this Adversary Proceeding.

(Bk. A.P. Dkt. No. 21, at ¶ 7.) This Stipulation remains in force at this time. The United States is mindful of its obligations under the Stipulation, as well as its duty of candor to this Court.

Key opinions issued by the bankruptcy and district courts in New Jersey include:

(1) The District Court's Order and Memorandum Opinion Denying the United States' Motion to Withdraw the Reference (Bk. A.P. Dkt. No. 53) (attached hereto as Exhibit 3);

(2) The Bankruptcy Court's Memorandum Decision Denying the United States' Motion to Dismiss (Bk. A.P. Dkt. No. 55) (attached hereto as Exhibit 4); and

(3) The Bankruptcy Court's Memorandum Decision Denying the United States' Motion to Stay Bankruptcy Proceedings Pending Motion for Leave to Appeal (Bk. A.P. Dkt. No. 83) (attached hereto as Exhibit 5).

Status Report - 3
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263

The United States filed a Motion for Leave to File an Interlocutory Appeal of the Bankruptcy Court's Memorandum Decision Denying the United States' Motion to Dismiss in the District Court, which is still pending. 3:23-cv-22668-RK (D.N.J. Nov. 20, 2023). Most recently, on February 16, 2024, Plaintiff filed a summary judgment motion, (Bk. A.P. Dkt. No. 87), which is also pending.

The parties are contemplating mediation as an alternate way to reach a disposition in the case. The potential outcome of mediation or litigation of a dispositive motion would be that the assets at issue would no longer be held pending the outcome of litigation, and the full value sought in the Motion would not be available for forfeiture at the conclusion of this case. If the parties to the Adversary Proceeding do enter into mediation, the United States will make approval by this Court a requirement to any resultant settlement agreement.

DATED: MARCH 21, 2024            Respectfully submitted,

MARGARET A. MOESER, Acting Chief
Money Laundering and Asset Recovery
  Section, Criminal Division
U.S. Department of Justice

By:   /s/ Adrienne E. Rosen
ADRIENNE E. ROSEN, Trial Attorney
US Department of Justice, Criminal Division
Money Laundering and Asset Recovery Section
1400 New York Avenue, NW
Washington, DC 20005
202.616.2690
Adrienne.Rosen@usdoj.gov

Status Report - 4
*United States v. Potapenko, et al.*, CR22-185 RSL

US DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
MONEY LAUNDERING AND ASSET RECOVERY SECTION
1400 NEW YORK AVE NW
WASHINGTON, DC 20005
(202) 514-1263