The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

SERGEI POTAPENKO, and
IVAN TURÕGIN,

Defendants.

NO. CR22-185-RSL

**MOTION FOR A PRELIMINARY
ORDER OF FORFEITURE**

NOTE ON MOTION CALENDAR:
March 19, 2025

## I.    INTRODUCTION AND REQUESTED RELIEF

The United States, by and through its undersigned counsel, respectfully moves pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b) for a Preliminary Order of Forfeiture forfeiting, to the United States, Defendants Sergei Potapenko's and Ivan Turõgin's respective interests in the following property (collectively, the "Subject Property"):

    a.    all funds and virtual currencies, and any virtual currencies derived therefrom, seized from Kraken account -7YVY held in the names of Digital Ledger OÜ, including the following:

        i.    approximately 622.1105291939 ETH;

        ii.    approximately 18.82103797 BTC;

Motion for Preliminary Order of Forfeiture - 1
*United States v. Potapenko et al.*, CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          iii.     approximately 1,330.61503 DAI;

2          iv.     approximately 1,280.592419 USDC;

3          v.     approximately 1,280.150298 USDT;

4          vi.     approximately 171.18458 MATIC;

5          vii.     approximately 201.70357 ETHW;

6          viii.     approximately 634.80000 LUNA2;

7          ix.     approximately $28,815.52 in United States funds; and

8          x.     approximately €150,099.73 converted to $149,999.89 in

9               United States funds;

10       b.     all virtual currencies, and any virtual currencies derived therefrom,

11 seized from Binance account -3139 held in the name of Sergei Potapenko, including the

12 following:

13          i.     approximately 172,725.00 GRT;

14          ii.     approximately 29,769.00 ZRX;

15          iii.     approximately 1,817,784.00 DNT;

16          iv.     approximately 5,808.17 FTT;

17          v.     approximately 735,203.6429 CELR;

18          vi.     approximately 47,554.00 BAT;

19          vii.     approximately 4,310,731.00 REEF;

20          viii.     approximately 4,907,861,172.00 SHIB;

21          ix.     approximately 3,306.281703 USDT;

22          x.     approximately 374,589.0993 DOGE;

23          xi.     approximately 3,057.575074 SOL;

24          xii.     approximately 45,135,178.359281 LUNC;

25          xiii.     approximately 395,258.8628 ADA;

26          xiv.     approximately 1,110.31712273 FIL;

27          xv.     approximately 11,664.93 XNO; and

Motion for Preliminary Order of Forfeiture - 2
*United States v. Potapenko et al.,* CR22-185-RSL

1  xvi.    approximately 137.96818465 BNB;

2  c.    all virtual currencies, and any virtual currencies derived therefrom,

3  seized from Binance account -0399 held in the name of L.K., including the following:

4  i.    approximately 0.05300295 BTC;

5  ii.    approximately 34,952.093573 XRP; and

6  iii.    approximately 5,189.885877 USDT[1] ("Binance -0399

7  USDT");

8  d.    approximately 12.99381762 BTC, and any virtual currencies derived

9  therefrom, recovered from the wallet with root address 15LUF6ux55kQgsGQVEopdRoS

10  pbrDv5RAEa;

11  e.    approximately 0.23964449 BTC, and any virtual currencies derived

12  therefrom, recovered from the wallet with root address 1ESUUyqG15HaTzisacLdytKxn4

13  7giFzgSc and other change addresses;

14  f.    approximately 4,225.09699905 BCH, and any virtual currencies

15  derived therefrom, recovered from the public address prq08s0s5nclwcsyyfwzhz9cka9qe6

16  eevupzegp6k7;

17  g.    approximately 568.7364785 BTC, and any virtual currencies derived

18  therefrom, recovered from the public address bc1qstdlul6tq738x3m50r69xejfjf33jcup3

19  0pt5e;

20  h.    approximately 654.39092813 BTC, and any virtual currencies

21  derived therefrom, recovered from the public address 3CCxFk5tDkzbbJ6qJ1j3XTchh6yB

22  uNahFd;

23  i.    approximately 147.99 BTC, and any virtual currencies derived

24  therefrom, in the public address bc1qnf5r9szh0akt5fkk8vf3y2s63e6vvq73u4xc7r, held by

25  Sygnum Bank AG in the name of Sergei Potapenko;

26

27  [1] Converted from approximately €4,987 during transfer to government-controlled wallets. *See* Declaration of Assistant United States Attorney Jehiel I. Baer in Support of Motion for Preliminary Order of Forfeiture ¶ 4.

Motion for Preliminary Order of Forfeiture - 3
*United States v. Potapenko et al.,* CR22-185-RSL

1          j.     approximately 204.05 BTC, and any virtual currencies derived

2    therefrom, in the public address bc1q5d75zlhjsd76m87ahhgllj3vr4cg4fezmfuzv6, held by

3    Sygnum Bank AG in the name of Sergei Potapenko;

4          k.     approximately 1,086.08 ETH, and any virtual currencies derived

5    therefrom, in the public address 0x13a82e6a6c37A326c6932ecdF7C4466d7FF15A39,

6    held by Sygnum Bank AG in the name of Sergei Potapenko;

7          l.     approximately 249.43 BTC, and any virtual currencies derived

8    therefrom, in the public address bc1qvc6mattyx2dur32kz7xcj7yc3uthl6njukn257, held by

9    Sygnum Bank AG in the name of Burfa Media OÜ;

10         m.     approximately 3,375.35 ETH, and any virtual currencies derived

11   therefrom, in the public address 0xe7602EDd3C75299a70078504E1adb529312843B4,

12   held by Sygnum Bank AG in the name of Burfa Media OÜ;

13         n.     approximately 610.38 BTC, and any virtual currencies derived

14   therefrom, in the public address bc1qm4qfxmwzhjcpdmdv3jsulh04u0dudxazqu2jaf, held

15   by Sygnum Bank AG in the name of Polybius Foundation;

16         o.     approximately 4,566.88 ETH, and any virtual currencies derived

17   therefrom, in the public address 0x3Cb6Cfb2f065547716F6C8ec9d4bCe5205b8A445,

18   held by Sygnum Bank AG in the name of Polybius Foundation;

19         p.     all funds and virtual currencies, and any virtual currencies derived

20   therefrom, held in Bittrex Global GmbH account -add7 in the name of Sergei Potapenko,

21   including the following:

22             i.     approximately 3,943,064.98143873 TRX;

23             ii.     approximately 1,664,712.75371388 SYS;

24             iii.     approximately 567,885.60275965 RVN;

25             iv.     approximately 430,377.46140433 ADA;

26             v.     approximately 3,943,064.98143873 TRX;

27             vi.     approximately 1,664,712.75371388 SYS;

Motion for Preliminary Order of Forfeiture - 4
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          vii.    approximately 567,885.60275965 RVN;

2          viii.   approximately 430,377.46140433 ADA;

3          ix.     approximately 410,744.58833615 DGB;

4          x.      approximately 183,915.164007 USDT;

5          xi.     approximately 81,476.92183652 ZRX;

6          xii.    approximately 53,004.38460837 PIVX;

7          xiii.   approximately 25,644.77505155 EOS;

8          xiv.    approximately 24,023.21017581 XTZ;

9          xv.     approximately 8,274.87950419 BTXCRD;

10         xvi.    approximately 7,171.79111397 LINK;

11         xvii.   approximately 5,962.04738641 DOT;

12         xviii.  approximately 5,452.20725684 EXP;

13         xix.    approximately 4,826.88272071 BSV;

14         xx.     approximately 461.39606118 AAVE;

15         xxi.    approximately 92.51078893 ZEC;

16         xxii.   approximately 38.75527475 XLM;

17         xxiii.  approximately 0.94968620 BCHA; and

18         xxiv.   approximately 0.70110101 BTC;

19    q.    all funds and virtual currencies, and any virtual currencies derived

20    therefrom, held in Poloniex account -6443 in the name of Sergei Potapenko, including the

21    following:

22         i.      approximately 804,858.8058581 XRP;

23         ii.     approximately 415,777.3571873 XFLR;

24         iii.    approximately 1,429.0335014 XMR;

25         iv.     approximately 104,190,825.2919770 STR;

26         v.      approximately 4,751,220,600.9539800 XEC;

27         vi.     approximately 15,270.3700395 LSK;

Motion for Preliminary Order of Forfeiture - 5
*United States v. Potapenko et al.,* CR22-185-RSL

1
     vii.  approximately 105,756.9230769 DOGE;

2
     viii.  approximately 3,390,012.4433771 SC;

3
     ix.  approximately 192,006.8668335 XEM;

4
     x.  approximately 187,694.2973336 XYM;

5
     xi.  approximately 249.3801334 ETC;

6
     xii.  approximately 8.9015448 LTC;

7
     xiii.  approximately 10.4223774 OMG;

8
     xiv.  approximately 10.0254068 BOBA;

9
     xv.  approximately 0.0310687 BCHSV; and

10
     xvi.  approximately 0.0000339 BTC;

11
   r.  all securities, and any funds derived therefrom, seized from AS LHV

12
Pank Long-Term Investment (Growth) Account Number -7956 held in the name of I.P. ,

13
including the following:

14
     i.  approximately 366.87 shares of COINETH;

15
     ii.  approximately 13.30 shares of COINXBE;

16
     iii.  approximately 32.45 shares of INRG;

17
     iv.  approximately 13.84 shares of ISPA; and

18
     v.  approximately 26.63 shares of XAD5;

19
   s.  all securities, and any funds derived therefrom, seized from AS LHV

20
Pank Long-Term Investment (Growth) Account Number -4456 held in the name of I.K. ,

21
including the following:

22
     i.  approximately 159.23 shares of COINETH;

23
     ii.  approximately 17.07 COINXBE;

24
     iii.  approximately 172.81 ESP0;

25
     iv.  approximately 47.01 EXXT;

26
     v.  approximately 29.23 XAD5; and

27
     vi.  approximately 25.49 XAD6;

Motion for Preliminary Order of Forfeiture - 6
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

t.     approximately €2,011,666.67 derived from a bond issued by Ravala Laenud OÜ with International Securities Identification Number EE3300111723 restrained by the Estonian Ministry of Finance;

u.     net proceeds from the sale of funds and securities, and any funds derived therefrom, held in or derived from Pictet and Cie – Luxembourg account number -600200, held in the name of Polybius Foundation, and restrained by the Grand Duchy of Luxembourg, in the amount of approximately €3,301,135.10:

v.     all securities, and any funds derived therefrom, seized from AS LHV Pank Securities account number -8224 held in the name of Sergei Potapenko, including the following;

i.     approximately 3,000.11 shares of COINETH;

ii.     approximately 220.86 shares of COINXBE;

w.     approximately €160,000 seized from Bank Frick account number -3468K000E held in the name of Digital Ledger OÜ;

x.     approximately €65,571.46 seized by Estonian authorities from AS LHV Pank account number -2203 held in the name of Felmaway OÜ;

y.     approximately €10,000.00 seized by Estonian authorities from AS LHV Pank account number -1363 held in the name of Sergei Potapenko;

z.     the following amounts of currency seized by Estonian authorities from Ivan Turögin:

i.     approximately €110,300.00;

ii.     approximately €10,900.00;

iii.     approximately €6,605.00;

iv.     approximately €1,450.00;

v.     approximately €1,200.00;

vi.     approximately €770.00;

vii.     approximately €606.00;

Motion for Preliminary Order of Forfeiture - 7
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1             viii.    approximately €250.00; and

2             ix.    approximately €150.00;

3      aa.    the following amounts of currency seized from Sergei Potapenko:

4             i.    approximately €52,000.00;

5             ii.    approximately €5,100.00; and

6             iii.    approximately €1,000.00;

7      bb.    the following amounts of currency seized from Burfa Media OÜ:

8             i.    approximately €70,000.00;

9             ii.    approximately €45,000.00;

10             iii.    approximately €15,800.00;

11             iv.    approximately €5,180.00;

12             v.    approximately €1,800; and

13             vi.    approximately €240.00;

14      cc.    approximately €21,005.00 in currency seized from Felmaway OÜ;

15      dd.    the following real properties located in Estonia:

16             i.    Tartu mnt 83, Kesklinna linnaosa, Tallinn, Harju County

17                    (Units: 103, 407, 501, 502, 503, 504, 505, 506, PK5, PK6,

18                    PK7, PK34, PK37, PK38, PK39, PK41, PK42, PK43, PK44)

19             ii.    Kiikri tn 2, Kesklinna linnaosa, Tallinn, Harju County

20                    (Units: 32, 42, 47, 54, 65, 66, 70, 71, 72, 76, P-58, P-59,

21                    P-61, P-62, P-77, P-78, P-79, P-80, P-81, P-82, P-89, P-90,

22                    P-96, P-97, P-98, P-99, P-100, P-101, P-104, P-105);

23             iii.    Padriku tee 9, Pirita District, Tallinn, Harju County, 3-5

24                    (building no. 3);

25             iv.    Padriku tee 9, Pirita District, Tallinn, Harju County, 2-2

26                    (building no. 2);

27

Motion for Preliminary Order of Forfeiture - 8
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          v.        Padriku tee 16, Pirita District, Tallinn, Harju County, 4-11
2                    (building no. 4);
3          vi.      Supluse pst 1, Pirita linnaosa, Tallinn, Harju County;
4          vii.     Mardisalu tn 2, Peetri alevik, Rae vald, Harju County;
5          viii.    Mardisalu tn 8, Peetri alevik, Rae vald, Harju County;
6          ix.      Häälinurme tn 9, Peetri alevik, Rae vald, Harju County;
7          x.       Lauri tee 9, Pirita District, Tallinn, Harju County;
8          xi.      Lauri tee 9a, Pirita District, Tallinn, Harju County;
9          xii.     Villardi tn 11-5, Kesklinna District, Tallinn, Harju County, 5;
10        xiii.    Villardi tn 11-G4, Kesklinna District, Tallinn, Harju County,
11                    G4;
12        xiv.    Rannasalu tee 81a, Katase Village, Alutaguse Parish, Ida-
13                    Viru County;
14        xv.      Rannasalu tee 81b, Katase Village, Alutaguse Parish, Ida-
15                    Viru County;
16        xvi.    Rannasalu tee 83a, Katase Village, Alutaguse Parish, Ida-
17                    Viru County;
18        xvii.   Rannasalu tee 123, Katase Village, Alutaguse Parish, Ida-
19                    Viru County;
20        xviii.  Võrgu tee, Katase Village, Alutaguse Parish, Ida-Viru
21                    County;
22        xix.     Kaare, Katase Village, Alutaguse Parish, Ida-Viru County;
23        xx.      Kadaku, Katase Village, Alutaguse Parish, Ida-Viru County;
24        xxi.    Käbi, Katase Village, Alutaguse Parish, Ida-Viru County; and
25        xxii.   Rebasesaba tee 6, Pirita District, Tallinn, Harju County, 2;
26
27

Motion for Preliminary Order of Forfeiture - 9
*United States v. Potapenko et al.*, CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          ee.    the following vehicles located and registered in Estonia:

2               i.    one 2019 BMW X7 M50D (gray), registered to Burfa Media

3                   OÜ;

4               ii.    one Lexus RX450H (dark green), registered to Felmaway

5                   OÜ;

6               iii.   one 2018 Mercedes-Benz AMG G 63 (gray), registered to

7                   Ivan Turõgin; and

8               iv.   one 2017 Audi SQ7s (gray), registered to Burfa Tech OÜ;

9          ff.    the following jewelry and associated accessories and documentation

10  seized from the residence of Ivan Turõgin:

11               i.    one yellow gold Van Cleef & Arpels ring with mark "VCA

12                   Au750 51 JE248150";

13               ii.    two Van Cleef & Arpels earrings with mark "VCA Au750

14                   JA120995";

15               iii.   one yellow gold Cartier bracelet with mark "Cartier 16

16                   DIO527 Au750";

17               iv.   one black and dark blue Breitling SuperOcean Chronometer

18                   watch with mark "2966207 M13313";

19               v.    one Cartier bracelet with mark "Cartier 17 HCL722 Au750";

20               vi.   two Cartier earrings with mark "Cartier LXZ671 Au750";

21               vii.  one yellow gold Cartier panther-head ring with mark "Cartier

22                   48 BKK875 Au 750";

23               viii.  one yellow gold Bulgari jewelry set, including one ring with

24                   mark "BVLGARI S85RZ1 S BVL 750" and two earrings

25                   with marks "BVLGARI" and "MADE IN ITALY V4KHPA

26                   Au750 2337AL";

27

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ix.    one yellow gold and black Bulgari jewelry set with mark "BVLGARI Au750 2337AL MADE IN ITALY," including one ring with mark "F5AZAA 53"; two earrings with mark "HA3T66"; and one necklace with mark "AVMTV5";

x.    one yellow gold Tiffany & Co. bracelet with two earrings with mark "Tiffany & Co. Au 750 ITALY";

xi.    one white gold Cartier bracelet with mark "Cartier 16 JBR282 Au 750 D";

xii.    one yellow gold Cartier bracelet with mark "Cartier 16 GCE463 Au 750";

xiii.    one yellow gold Cartier bracelet with mark "Cartier OKZ045 Au 750";

xiv.    one gold and dark brown Omega Seamaster Professional watch with mark "89029731 Au750 PLANET OCEAN 600m/2000ft";

xv.    one metallic Hublot wall clock with serial no AL 9283;

xvi.    one yellow gold plate with marks "valcambi Suisse" and "1 OZ fine gold 999,9 CHI ESSAY EUR FONDEUR AA551597";

xvii.    one yellow gold coin in a black box and with mark "35 X7 BURFA.26.01.1985-I.T.";

xviii.    one yellow gold Chopard jewelry set, including one necklace with mark "Chopard Au 750," one pendant with mark "Chopard 3446166 Au 750 799769," and two earrings with mark "Chopard Au750 839216 3360339";

xix.    one yellow gold Chopard jewelry set, including one necklace with mark "Chopard Au 750," one yellow gold pendant with

mark "Chopard Au750 3528443 799221 SWISS MADE,"
two earrings with mark "Chopard Au750 3529333 839221
SWISS MADE," and one bracelet with mark "Chopard
Au750 MADE IN GERMANY";

    xx. two yellow gold Giorgio Visconti earrings with mark
"VISCONTI GIORGIO";

    xxi. one yellow gold ring with mark "585";

    xxii. one yellow gold Pandora bracelet with beads and mark
"PANDORA";

    xxiii. one yellow gold Bulgari necklace with mark "BVLGARI
RKPNHH Au 750";

    xxiv. one yellow gold and black Boucheron ring with mark
"BOUCHERON Au750 T54 K39250";

    xxv. two yellow gold Tiffany & Co. earrings with mark "Tiffany
& Co. Au750 PAT NO 6557220";

    xxvi. one yellow gold Bulgari watch with mark "BVLGARI
FABRIQUE EN SUISSE SP P 35G PO 4571 Au750 18K";

    xxvii. one yellow gold Cartier jewelry set with mark "Cartier 52
Au750 1879AR," including one ring with mark "OUA679"
and two earrings with mark "OOH511";

    xxviii. two yellow gold Cartier earrings with mark "Cartier HYF993
Au750";

    xxix. one yellow gold Cartier necklace with panther's head pendant
with mark "Cartier ODZ299 Au750";

    xxx. one yellow gold Cartier ring with mark "Cartier 52 Au750
DYS525";

Motion for Preliminary Order of Forfeiture - 12
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

xxxi.  one black TAG Heuer watch with mark "RZV9969 WAY218B LIMITED EDITION 0899/2500"; and

xxxii.  one yellow gold jewelry set, including one ring with mark "585 ITALY 1234VI ERORO" and two earrings with mark "SUPERORO 1231 VI 585 ITALY";

gg.  the following jewelry and associated accessories and documentation seized from the residence of Sergei Potapenko:

i.  one gold and black Hublot watch with mark "1231833";

ii.  one Rolex watch with marks "P578G452" and "Au750";

iii.  one Rolex watch with mark "355196Y5";

iv.  one Rolex watch with mark "6380X5H0";

v.  one gold and dark blue Omega Speed Master watch with mark "89516154 (Au750)";

vi.  one metallic Tag Heuer watch with mark "WAR2413-0 WWA0521";

vii.  one gold and black Hublot watch with mark "1301642";

viii.  one metallic Zenith El Primero watch with mark "032046400 350786";

ix.  one metallic TAG Heuer watch with mark "CV5111 NO1775835"; and

x.  one metallic Tag Hauer watch with mark "CV2A11 EPB0858"; and

hh.  the following virtual currency miners located in Estonia, along with any associated electronic accessories:

i.  382 P104 miners under a HashCoins label;

ii.  39 M-P106L9-N miners under a Manli label;

iii.  463 Antminer S17+ miners;

1          iv.      358 Antminer S19j Pro/S19 Pro miners; and

2          v.       2,546 Antminer S19j Pro miners.

3    As set forth in detail below, as well as the Declaration of Assistant United States

4    Attorney (AUSA) Jehiel I. Baer in Support of Motion for Preliminary Order of Forfeiture

5    ("Baer Decl.") and the papers and pleadings filed in this matter, the Subject Property

6    constitutes or is derived from proceeds of the wire-fraud conspiracy to which Defendants

7    Potapenko and Turõgin entered pleas of guilty. Dkt. Nos. 162, 165 ("Plea Agreements").

8    The property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), by

9    way of 28 U.S.C. § 2461(c).

10              **II.      PROCEDURAL AND FACTUAL BACKGROUND**

11   **A.     Notices of Forfeiture and Restraint of Subject Property**

12          On October 27, 2022, Defendant Sergei Potapenko and Defendant Ivan Turõgin

13   ("Defendants") were charged by Indictment with *Conspiracy to Commit Wire Fraud*

14   (Count 1), in violation of 18 U.S.C. § 1349, *Wire Fraud* (Counts 2-17), in violation of 18

15   U.S.C. §§ 1343 and 2; and *Conspiracy to Commit Money Laundering* (Count 18), in

16   violation of 18 U.S.C. § 1956(h). *See* Dkt. No. 1. The charges were based, in large part,

17   on Defendants' control and operation of the company HashFlare, through which they

18   purported to sell access to hashrate generated by equipment HashFlare claimed to own

19   and operate. *Id.* at 7. The Indictment also included forfeiture allegations providing notice

20   of the United States' intent to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28

21   U.S.C. § 2461(c), any property constituting or derived from proceeds the Defendants

22   obtained as a result of the offenses charged in Counts 1-17; and pursuant to 18 U.S.C.

23   § 982(a)(1), any property involved in the money laundering offense as charged in Count

24   18. These forfeiture allegations specifically identified dozens of assets, including real

25   properties, vehicles, virtual currencies and associated funds, and virtual currency miners

26   and equipment located in Estonia, which the grand jury found probable cause to believe

27   were subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 20-26.

Motion for Preliminary Order of Forfeiture - 14
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States obtained a restraining order and seizure warrants for the Subject Property. . *See* Dkt. No. 43; 22-MC-101; 23-MC-011; 23-MC-015; 23-MC-022; 23-MC-040; 23-MC-080; 24-MC-028; 24-MC-058. Some of the assets comprising the Subject Property are in the control of the United States, while others are in the control of foreign authorities, including those of Estonia, Switzerland, Luxembourg, Liechtenstein, and Seychelles. Baer Decl. ¶ 3.

On March 1, 2023 and May 24, 2023, the United States filed a Forfeiture Bill of Particulars and a Second Forfeiture Bill of Particulars, respectively, specifically identifying additional assets subject to forfeiture on that basis. Dkt. Nos. 9, 19.

**B.    Defendants' Admissions of Guilt and Agreements to Forfeit Subject Property**

On February 12, 2025, Defendants entered pleas of guilty to *Conspiracy to Commit Wire Fraud*, as charged in Count 1 of the Indictment, in violation of 18 U.S.C. § 1349. Dkt. Nos. 162, 165. In their respective Plea Agreements, Defendants each admitted that their wire fraud conspiracy involved fraudulently operating HashFlare, by among other acts and omissions:

- "caus[ing] HashFlare employees to falsely report figures for supposed gross mining profits, maintenance fees, electricity costs, and net profit . . . .";
- "not possess[ing] the requisite computing capacity to perform the vast majority of the mining the co-conspirators told HashFlare customers it performed";
- causing HashFlare to pay "customers who requested to withdraw their supposed profits almost entirely with cryptocurrency that HashFlare had purchased on the open market"; and
- "invok[ing] a clause in HashFlare's terms of service that allowed HashFlare to stop Bitcoin mining if it had been unprofitable for 28 days."

Dkt. Nos. 162 ¶ 8, 165 ¶ 8. Defendants further admitted that customers paid HashFlare approximately $577.34 million to purchase remote mining contracts, but that "HashFlare

Motion for Preliminary Order of Forfeiture - 15
*United States v. Potapenko et al.*, CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

paid, or repaid its customers cryptocurrency that, at the time of such payment or

repayment, was worth no more than approximately $352.97 million." *Id.*

Defendants' respective Plea Agreements also contained the following admissions

regarding the ultimate disposition of the proceeds from their wire-fraud conspiracy:

> The co-conspirators caused HashFlare to transfer customer funds that were
> not used to repay customers' supposed profits to an array of other entities
> and businesses that the co-conspirators formed and controlled. Among
> other entities, these included Polybius entities, several affiliated entities that
> the co-conspirators established with the stated goal of creating an online
> bank. They also used customer funds to purchase real properties, in Estonia
> and elsewhere, to purchase cars and jewelry, and otherwise for their
> personal benefit.

Dkt. Nos. 162 ¶ 8, 165 ¶ 8. Defendants each specifically agreed that all of the assets

identified in their Plea Agreements "constitute, were purchased with, or otherwise derive

from proceeds traceable to the wire-fraud scheme" to which they pled guilty. *Id.*

Defendants further agreed to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of

28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained as a

result of their wire-fraud conspiracy, including their respective interests in all of the

assets identified in their Plea Agreements. Dkt. Nos. 162 ¶ 12, 165 ¶ 12.

The Subject Property is included among the property identified for forfeiture in the

Plea Agreements, with the exception of the Binance -0399 USDT (item c.iii above),

which was derived from its corresponding asset in the Plea Agreements' asset list. *See*

Dkt. Nos. 162 ¶ 12, 165 ¶ 12; Baer Decl. ¶ 4. Specifically, the custodial exchange,

Binance, converted existing euros to the cryptocurrency Tether (symbol: USDT) when

transferring the assets to a government-controlled wallet. *Id.*

The asset list in the Plea Agreements also included the following assets, which are

not addressed in this motion (collectively, the "BlockFi Assets"):

a.    all virtual currencies, and any virtual currencies derived therefrom,

held by BlockFi in account -0718 in the name of Burfa Media OÜ, account -cf50 in the

Motion for Preliminary Order of Forfeiture - 16
*United States v. Potapenko et al.*, CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  name of Polybius Ventures OÜ, account -9421 in the name of Sergei Potapenko, and

2  account -6a6f in the name of Polybius Foundation OÜ, including the following:

3            i.        approximately 767.7582005 BTC;

4            ii.       approximately 8,690.483675 ETH;

5            iii.      approximately 110,978.71 GUSD;

6            iv.      approximately 30,717.07031 USDC;

7            v.        approximately 0.004712 USDT; and

8            vi.      approximately 1,673.207762 LTC.

9  Dkt. Nos. 162 ¶ 12, 165 ¶ 12. The BlockFi Assets are subject to litigation in the

10  bankruptcy adversarial proceeding *Mohsin Meghji, solely in his capacity as Plan Admin.,*

11  *for the Jointly Administered Ests. of the Wind Down Debtors, BlockFi, Inc. Et Al. v.*

12  *United States of America*, 23-AP-01144-ABA, in the United States Bankruptcy Court for

13  the District of New Jersey. *See, e.g.*, Dkt. Nos. 18, 18-1, 24-1, 29, 38, 44. The United

14  States intends to separately move to preliminarily forfeit the BlockFi Assets at a later

15  date. Baer Decl. ¶ 5.

16                      **III.    ARGUMENT**

17  **A.    Forfeiture Is a Mandatory Component of Defendants' Criminal Sentences**

18         Most criminal offenses include mandatory forfeiture provisions as part of a

19  defendant's sentence, and "courts must order forfeiture when a defendant is convicted of

20  a crime that provides for forfeiture as part of the penalty." *United States v. Carter*, 742

21  F.3d 440, 446 (9th Cir. 2014). Where, as here, a defendant is convicted of wire fraud, the

22  defendant must forfeit any property "which constitutes or is derived from proceeds

23  traceable" to the offense. 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), and 1961(1)(B);

24  28 U.S.C. § 2461(c).

25         Under 18 U.S.C. § 981(a)(1)(C), any property "which constitutes or is derived

26  from proceeds traceable to" a violation of 18 U.S.C. § 1349 is forfeitable to the United

27  States. 18 U.S.C. § 981(a)(1)(C) (authorizing forfeiture of property "which constitutes or

is derived from proceeds traceable to . . . any offense constituting 'specified unlawful

activity' (as defined in section 1956(c)(7) of [Title 18]"); 18 U.S.C. § 1956(c)(7)

(defining "specified unlawful activity" to include "any act or activity constituting an

offense listed in section 1961(1)" of Title 18); 18 U.S.C. § 1961(1)(B) (listing "section

1343 [of Title 18] (relating to wire fraud)"); 18 U.S.C. § 1349 (providing that a defendant

who conspires to commit wire fraud in violation of § 1343 "shall be subject to the same

penalties as those prescribed for the offense, the commission of which was the object of

the . . . conspiracy"). Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture statute,

28 U.S.C. § 2461(c) authorizes the government to seek criminal forfeiture whenever civil

forfeiture is available, and the statute makes forfeiture a mandatory component of a

defendant's sentence. 28 U.S.C. § 2461(c). Moreover, § 2461(c) states, in relevant part:

> If a person is charged in a criminal case with a violation of an Act of
> Congress for which the civil or criminal forfeiture of property is authorized,
> the Government may include notice of the forfeiture in the indictment or
> information . . . . If the defendant is convicted of the offense giving rise to
> the forfeiture, the court *shall order* the forfeiture of the property as part of
> the sentence in the criminal case . . . .

28 U.S.C. § 2461(c) (emphasis added); *see also United States v. Monsanto*, 491 U.S. 600,

607 (1989) (stating that by using the words "shall order" in a forfeiture statute, "Congress

could not have chosen stronger words to express its intent that forfeiture be mandatory in

cases where the statute applied").

Pursuant to Fed. R. Crim. P. 32.2(b)(2)(A), the Court "must promptly enter a

preliminary order of forfeiture . . . directing the forfeiture of specific property." The

Court enters a preliminary order of forfeiture "without regard to any third party's interest

in the property."[2] Unless otherwise impractical, "the [C]ourt must enter the preliminary

order sufficiently in advance of sentencing to allow the parties to suggest revisions or

---

[2] Potential interested third parties will have opportunities to assert any claimed interests in the property in
the ancillary forfeiture proceeding conducted pursuant to Fed. R. Crim P. 32.2(c) and 21 U.S.C. § 853(n).

Motion for Preliminary Order of Forfeiture - 18
*United States v. Potapenko et al.*, CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    modifications before the order becomes final as to the defendant . . . ." Fed. R. Crim. P.

2    32.2(b)(2)(B).

3    **B.      The Subject Property Constitutes or Derives from Proceeds of the Wire-**
         **Fraud Conspiracy**
4

5            The Subject Property is forfeitable to the United States as proceeds of Defendants

6    Potapenko's and Turōgin's wire-fraud conspiracy. Defendants admitted to participating

7    in a wire-fraud conspiracy and further admitted that all of the assets identified in their

8    Plea Agreements constitute, were purchased with, or otherwise derive from proceeds

9    traceable to the wire-fraud scheme to which they pled guilty. Dkt. Nos. 162 ¶ 8, 165 ¶ 8.

10   The only asset included in the Subject Property that was not identified in the Defendants'

11   Plea Agreements—the Binance -0399 USDT (item c.iii above) —unquestionably derived

12   from one of the assets identified in the Plea Agreements as forfeitable proceeds. All of

13   the Subject Property is therefore subject to forfeiture. 18 U.S.C. §§ 981(a)(1)(C),

14   1956(c)(7), and 1961(1)(B); 28 U.S.C. § 2461(c).

15   //

16   //

17   //

18

19

20

21

22

23

24

25

26

27

Motion for Preliminary Order of Forfeiture - 19
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

### IV.    CONCLUSION

2          The United States now moves for a Preliminary Order of Forfeiture forfeiting

3    Defendant Sergei Potapenko's and Defendant Ivan Turõgin's interests in the Subject

4    Property. A proposed Order is submitted with this motion.

5

6          DATED this 7th day of March, 2025.

7                                             Respectfully submitted,

8                                             TEAL LUTHY MILLER
                                              Acting United States Attorney
9

10                                              s/ Jehiel I. Baer
                                             _____
11                                           JEHIEL I. BAER
                                             Assistant United States Attorney
12                                           United States Attorney's Office
                                             700 Stewart Street, Suite 5220
13                                           Seattle, WA  98101
14                                           Phone: (206) 553-2242
                                             Fax: (206) 553-6934
15                                           Jehiel.Baer@usdoj.gov

16

17                                           MARGARET A. MOESER, Chief
                                             Money Laundering and Asset Recovery
18                                           Section, Criminal Division
19                                           U.S. Department of Justice

20

21                                             s/ Adrienne E. Rosen
                                             _____
                                             ADRIENNE E. ROSEN
22                                           DAVID GINENSKY
                                             Trial Attorneys
23                                           Money Laundering and Asset Recovery Section
24                                           US Department of Justice, Criminal Division
                                             1400 New York Avenue, NW
25                                           Washington, DC 20005
                                             Phone: (202) 514-1263
26                                           Adrienne.Rosen@usdoj.gov
27                                           David.Ginensky@usdoj.gov

Motion for Preliminary Order of Forfeiture - 20
*United States v. Potapenko et al.,* CR22-185-RSL

# CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which automatically serves the parties of record.

      *s/ Donna R. Taylor*
DONNA R. TAYLOR
FSA Paralegal IV, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4132
Fax: (206) 553-6934
Donna.R.Taylor@usdoj.gov

Motion for Preliminary Order of Forfeiture - 21
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970