The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGEI POTAPENKO, and<br>IVAN TURÕGIN,<br><br>Defendants. | NO. CR22-185-RSL<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Sergei Potapenko's and Defendant Ivan Turõgin's interests in the following property ("Subject Property"):

      a.    all funds and virtual currencies, and any virtual currencies derived therefrom, seized from Kraken account -7YVY held in the names of Digital Ledger OÜ, including the following:

            i.    approximately 622.1105291939 ETH;

            ii.    approximately 18.82103797 BTC;

           iii.    approximately 1,330.61503 DAI;

1            iv.      approximately 1,280.592419 USDC;

2            v.      approximately 1,280.150298 USDT;

3            vi.      approximately 171.18458 MATIC;

4            vii.      approximately 201.70357 ETHW;

5            viii.      approximately 634.80000 LUNA2;

6            ix.      approximately $28,815.52 in United States funds; and

7            x.      approximately €150,099.73 converted to $149,999.89 in

8                  United States funds;

9       b.      all virtual currencies, and any virtual currencies derived therefrom,

10 seized from Binance account -3139 held in the name of Sergei Potapenko, including the

11 following:

12            i.      approximately 172,725.00 GRT;

13            ii.      approximately 29,769.00 ZRX;

14            iii.      approximately 1,817,784.00 DNT;

15            iv.      approximately 5,808.17 FTT;

16            v.      approximately 735,203.6429 CELR;

17            vi.      approximately 47,554.00 BAT;

18            vii.      approximately 4,310,731.00 REEF;

19            viii.      approximately 4,907,861,172.00 SHIB;

20            ix.      approximately 3,306.281703 USDT;

21            x.      approximately 374,589.0993 DOGE;

22            xi.      approximately 3,057.575074 SOL;

23            xii.      approximately 45,135,178.359281 LUNC;

24            xiii.      approximately 395,258.8628 ADA;

25            xiv.      approximately 1,110.31712273 FIL;

26            xv.      approximately 11,664.93 XNO; and

27            xvi.      approximately 137.96818465 BNB;

Preliminary Order of Forfeiture - 2
*United States v. Potapenko et al.*, CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.    all virtual currencies, and any virtual currencies derived therefrom, seized from Binance account -0399 held in the name of L.K. , including the following:

      i.    approximately 0.05300295 BTC;

      ii.    approximately 34,952.093573 XRP; and

      iii.    approximately 5,189.885877 USDT[1];

d.    approximately 12.99381762 BTC, and any virtual currencies derived therefrom, recovered from the wallet with root address 15LUF6ux55kQgsGQVEopdRoS pbrDv5RAEa;

e.    approximately 0.23964449 BTC, and any virtual currencies derived therefrom, recovered from the wallet with root address 1ESUUyqG15HaTzisacLdytKxn4 7giFzgSc and other change addresses;

f.    approximately 4,225.09699905 BCH, and any virtual currencies derived therefrom, recovered from the public address prq08s0s5nclwcsyyfwzhz9cka9qe6 eevupzegp6k7;

g.    approximately 568.7364785 BTC, and any virtual currencies derived therefrom, recovered from the public address bc1qstdlul6tq738x3m50r69xejfjf33jcup3 0pt5e;

h.    approximately 654.39092813 BTC, and any virtual currencies derived therefrom, recovered from the public address 3CCxFk5tDkzbbJ6qJ1j3XTchh6yB uNahFd;

i.    approximately 147.99 BTC, and any virtual currencies derived therefrom, in the public address bc1qnf5r9szh0akt5fkk8vf3y2s63e6vvq73u4xc7r, held by Sygnum Bank AG in the name of Sergei Potapenko;

---

[1] Converted from approximately €4,987 during transfer to government-controlled wallets.

Preliminary Order of Forfeiture - 3
*United States v. Potapenko et al.*, CR22-185-RSL

1           j.    approximately 204.05 BTC, and any virtual currencies derived

2    therefrom, in the public address bc1q5d75zlhjsd76m87ahhgllj3vr4cg4fezmfuzv6, held by

3    Sygnum Bank AG in the name of Sergei Potapenko;

4           k.    approximately 1,086.08 ETH, and any virtual currencies derived

5    therefrom, in the public address 0x13a82e6a6c37A326c6932ecdF7C4466d7FF15A39,

6    held by Sygnum Bank AG in the name of Sergei Potapenko;

7           l.    approximately 249.43 BTC, and any virtual currencies derived

8    therefrom, in the public address bc1qvc6mattyx2dur32kz7xcj7yc3uthl6njukn257, held by

9    Sygnum Bank AG in the name of Burfa Media OÜ;

10           m.    approximately 3,375.35 ETH, and any virtual currencies derived

11    therefrom, in the public address 0xe7602EDd3C75299a70078504E1adb529312843B4,

12    held by Sygnum Bank AG in the name of Burfa Media OÜ;

13           n.    approximately 610.38 BTC, and any virtual currencies derived

14    therefrom, in the public address bc1qm4qfxmwzhjcpdmdv3jsulh04u0dudxazqu2jaf, held

15    by Sygnum Bank AG in the name of Polybius Foundation;

16           o.    approximately 4,566.88 ETH, and any virtual currencies derived

17    therefrom, in the public address 0x3Cb6Cfb2f065547716F6C8ec9d4bCe5205b8A445,

18    held by Sygnum Bank AG in the name of Polybius Foundation;

19           p.    all funds and virtual currencies, and any virtual currencies derived

20    therefrom, held in Bittrex Global GmbH account -add7 in the name of Sergei Potapenko,

21    including the following:

22           i.    approximately 3,943,064.98143873 TRX;

23           ii.    approximately 1,664,712.75371388 SYS;

24           iii.    approximately 567,885.60275965 RVN;

25           iv.    approximately 430,377.46140433 ADA;

26           v.    approximately 3,943,064.98143873 TRX;

27           vi.    approximately 1,664,712.75371388 SYS;

vii.    approximately 567,885.60275965 RVN;

viii.   approximately 430,377.46140433 ADA;

ix.    approximately 410,744.58833615 DGB;

x.    approximately 183,915.164007 USDT;

xi.    approximately 81,476.92183652 ZRX;

xii.   approximately 53,004.38460837 PIVX;

xiii.  approximately 25,644.77505155 EOS;

xiv.   approximately 24,023.21017581 XTZ;

xv.    approximately 8,274.87950419 BTXCRD;

xvi.   approximately 7,171.79111397 LINK;

xvii.  approximately 5,962.04738641 DOT;

xviii. approximately 5,452.20725684 EXP;

xix.   approximately 4,826.88272071 BSV;

xx.    approximately 461.39606118 AAVE;

xxi.   approximately 92.51078893 ZEC;

xxii.  approximately 38.75527475 XLM;

xxiii. approximately 0.94968620 BCHA; and

xxiv.  approximately 0.70110101 BTC;

q.    all funds and virtual currencies, and any virtual currencies derived therefrom, held in Poloniex account -6443 in the name of Sergei Potapenko, including the following:

i.    approximately 804,858.8058581 XRP;

ii.    approximately 415,777.3571873 XFLR;

iii.   approximately 1,429.0335014 XMR;

iv.   approximately 104,190,825.2919770 STR;

v.    approximately 4,751,220,600.9539800 XEC;

vi.   approximately 15,270.3700395 LSK;

Preliminary Order of Forfeiture - 5
*United States v. Potapenko et al.,* CR22-185-RSL

1               vii.      approximately 105,756.9230769 DOGE;

2               viii.      approximately 3,390,012.4433771 SC;

3               ix.      approximately 192,006.8668335 XEM;

4               x.      approximately 187,694.2973336 XYM;

5               xi.      approximately 249.3801334 ETC;

6               xii.      approximately 8.9015448 LTC;

7               xiii.      approximately 10.4223774 OMG;

8               xiv.      approximately 10.0254068 BOBA;

9               xv.      approximately 0.0310687 BCHSV; and

10               xvi.      approximately 0.0000339 BTC;

11         r.      all securities, and any funds derived therefrom, seized from AS LHV

12 Pank Long-Term Investment (Growth) Account Number -7956 held in the name of I.P. ,

13 including the following:

14               i.      approximately 366.87 shares of COINETH;

15               ii.      approximately 13.30 shares of COINXBE;

16               iii.      approximately 32.45 shares of INRG;

17               iv.      approximately 13.84 shares of ISPA; and

18               v.      approximately 26.63 shares of XAD5;

19         s.      all securities, and any funds derived therefrom, seized from AS LHV

20 Pank Long-Term Investment (Growth) Account Number -4456 held in the name of I.K. ,

21 including the following:

22               i.      approximately 159.23 shares of COINETH;

23               ii.      approximately 17.07 COINXBE;

24               iii.      approximately 172.81 ESP0;

25               iv.      approximately 47.01 EXXT;

26               v.      approximately 29.23 XAD5; and

27               vi.      approximately 25.49 XAD6;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

t.      approximately €2,011,666.67 derived from a bond issued by Ravala Laenud OÜ with International Securities Identification Number EE3300111723 restrained by the Estonian Ministry of Finance;

u.      net proceeds from the sale of funds and securities, and any funds derived therefrom, held in or derived from Pictet and Cie – Luxembourg account number -600200, held in the name of Polybius Foundation, and restrained by the Grand Duchy of Luxembourg, in the amount of approximately €3,301,135.10:

v.      all securities, and any funds derived therefrom, seized from AS LHV Pank Securities account number -8224 held in the name of Sergei Potapenko, including the following;

i.      approximately 3,000.11 shares of COINETH;

ii.      approximately 220.86 shares of COINXBE;

w.      approximately €160,000 seized from Bank Frick account number -3468K000E held in the name of Digital Ledger OÜ;

x.      approximately €65,571.46 seized by Estonian authorities from AS LHV Pank account number -2203 held in the name of Felmaway OÜ;

y.      approximately €10,000.00 seized by Estonian authorities from AS LHV Pank account number -1363 held in the name of Sergei Potapenko;

z.      the following amounts of currency seized by Estonian authorities from Ivan Turögin:

i.      approximately €110,300.00;

ii.      approximately €10,900.00;

iii.      approximately €6,605.00;

iv.      approximately €1,450.00;

v.      approximately €1,200.00;

vi.      approximately €770.00;

vii.      approximately €606.00;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1            viii.   approximately €250.00; and

2            ix.   approximately €150.00;

3      aa.  the following amounts of currency seized from Sergei Potapenko:

4            i.   approximately €52,000.00;

5            ii.   approximately €5,100.00; and

6            iii.   approximately €1,000.00;

7      bb.  the following amounts of currency seized from Burfa Media OÜ:

8            i.   approximately €70,000.00;

9            ii.   approximately €45,000.00;

10           iii.   approximately €15,800.00;

11           iv.   approximately €5,180.00;

12           v.   approximately €1,800; and

13           vi.   approximately €240.00;

14     cc.  approximately €21,005.00 in currency seized from Felmaway OÜ;

15     dd.  the following real properties located in Estonia:

16           i.   Tartu mnt 83, Kesklinna linnaosa, Tallinn, Harju County

17              (Units: 103, 407, 501, 502, 503, 504, 505, 506, PK5, PK6,

18              PK7, PK34, PK37, PK38, PK39, PK41, PK42, PK43, PK44)

19           ii.   Kiikri tn 2, Kesklinna linnaosa, Tallinn, Harju County

20              (Units: 32, 42, 47, 54, 65, 66, 70, 71, 72, 76, P-58, P-59,

21              P-61, P-62, P-77, P-78, P-79, P-80, P-81, P-82, P-89, P-90,

22              P-96, P-97, P-98, P-99, P-100, P-101, P-104, P-105);

23           iii.   Padriku tee 9, Pirita District, Tallinn, Harju County, 3-5

24              (building no. 3);

25           iv.   Padriku tee 9, Pirita District, Tallinn, Harju County, 2-2

26              (building no. 2);

27

Preliminary Order of Forfeiture - 8
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| v. | Padriku tee 16, Pirita District, Tallinn, Harju County, 4-11 (building no. 4); |
| vi. | Supluse pst 1, Pirita linnaosa, Tallinn, Harju County; |
| vii. | Mardisalu tn 2, Peetri alevik, Rae vald, Harju County; |
| viii. | Mardisalu tn 8, Peetri alevik, Rae vald, Harju County; |
| ix. | Häälinurme tn 9, Peetri alevik, Rae vald, Harju County; |
| x. | Lauri tee 9, Pirita District, Tallinn, Harju County; |
| xi. | Lauri tee 9a, Pirita District, Tallinn, Harju County; |
| xii. | Villardi tn 11-5, Kesklinna District, Tallinn, Harju County, 5; |
| xiii. | Villardi tn 11-G4, Kesklinna District, Tallinn, Harju County, G4; |
| xiv. | Rannasalu tee 81a, Katase Village, Alutaguse Parish, Ida-Viru County; |
| xv. | Rannasalu tee 81b, Katase Village, Alutaguse Parish, Ida-Viru County; |
| xvi. | Rannasalu tee 83a, Katase Village, Alutaguse Parish, Ida-Viru County; |
| xvii. | Rannasalu tee 123, Katase Village, Alutaguse Parish, Ida-Viru County; |
| xviii. | Võrgu tee, Katase Village, Alutaguse Parish, Ida-Viru County; |
| xix. | Kaare, Katase Village, Alutaguse Parish, Ida-Viru County; |
| xx. | Kadaku, Katase Village, Alutaguse Parish, Ida-Viru County; |
| xxi. | Käbi, Katase Village, Alutaguse Parish, Ida-Viru County; and |
| xxii. | Rebasesaba tee 6, Pirita District, Tallinn, Harju County, 2; |

Preliminary Order of Forfeiture - 9
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ee.    the following vehicles located and registered in Estonia:

      i.     one 2019 BMW X7 M50D (gray), registered to Burfa Media OÜ;

      ii.    one Lexus RX450H (dark green), registered to Felmaway OÜ;

      iii.   one 2018 Mercedes-Benz AMG G 63 (gray), registered to Ivan Turõgin; and

      iv.   one 2017 Audi SQ7s (gray), registered to Burfa Tech OÜ;

ff.    the following jewelry and associated accessories and documentation seized from the residence of Ivan Turõgin:

      i.     one yellow gold Van Cleef & Arpels ring with mark "VCA Au750 51 JE248150";

      ii.    two Van Cleef & Arpels earrings with mark "VCA Au750 JA120995";

      iii.   one yellow gold Cartier bracelet with mark "Cartier 16 DIO527 Au750";

      iv.   one black and dark blue Breitling SuperOcean Chronometer watch with mark "2966207 M13313";

      v.     one Cartier bracelet with mark "Cartier 17 HCL722 Au750";

      vi.    two Cartier earrings with mark "Cartier LXZ671 Au750";

      vii.   one yellow gold Cartier panther-head ring with mark "Cartier 48 BKK875 Au 750";

      viii.  one yellow gold Bulgari jewelry set, including one ring with mark "BVLGARI S85RZ1 S BVL 750" and two earrings with marks "BVLGARI" and "MADE IN ITALY V4KHPA Au750 2337AL";

Preliminary Order of Forfeiture - 10
*United States v. Potapenko et al.*, CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ix.     one yellow gold and black Bulgari jewelry set with mark
        "BVLGARI Au750 2337AL MADE IN ITALY," including
        one ring with mark "F5AZAA 53"; two earrings with mark
        "HA3T66"; and one necklace with mark "AVMTV5";

x.      one yellow gold Tiffany & Co. bracelet with two earrings
        with mark "Tiffany & Co. Au 750 ITALY";

xi.     one white gold Cartier bracelet with mark "Cartier 16 JBR282
        Au 750 D";

xii.    one yellow gold Cartier bracelet with mark "Cartier 16
        GCE463 Au 750";

xiii.   one yellow gold Cartier bracelet with mark "Cartier OKZ045
        Au 750";

xiv.    one gold and dark brown Omega Seamaster Professional
        watch with mark "89029731 Au750 PLANET OCEAN
        600m/2000ft";

xv.     one metallic Hublot wall clock with serial no AL 9283;

xvi.    one yellow gold plate with marks "valcambi Suisse" and "1
        OZ fine gold 999,9 CHI ESSAY EUR FONDEUR
        AA551597";

xvii.   one yellow gold coin in a black box and with mark "35 X7
        BURFA.26.01.1985-I.T.";

xviii.  one yellow gold Chopard jewelry set, including one necklace
        with mark "Chopard Au 750," one pendant with mark
        "Chopard 3446166 Au 750 799769," and two earrings with
        mark "Chopard Au750 839216 3360339";

xix.    one yellow gold Chopard jewelry set, including one necklace
        with mark "Chopard Au 750," one yellow gold pendant with

mark "Chopard Au750 3528443 799221 SWISS MADE,"
two earrings with mark "Chopard Au750 3529333 839221
SWISS MADE," and one bracelet with mark "Chopard
Au750 MADE IN GERMANY";

xx.  two yellow gold Giorgio Visconti earrings with mark
"VISCONTI GIORGIO";

xxi.  one yellow gold ring with mark "585";

xxii.  one yellow gold Pandora bracelet with beads and mark
"PANDORA";

xxiii.  one yellow gold Bulgari necklace with mark "BVLGARI
RKPNHH Au 750";

xxiv.  one yellow gold and black Boucheron ring with mark
"BOUCHERON Au750 T54 K39250";

xxv.  two yellow gold Tiffany & Co. earrings with mark "Tiffany
& Co. Au750 PAT NO 6557220";

xxvi.  one yellow gold Bulgari watch with mark "BVLGARI
FABRIQUE EN SUISSE SP P 35G PO 4571 Au750 18K";

xxvii.  one yellow gold Cartier jewelry set with mark "Cartier 52
Au750 1879AR," including one ring with mark "OUA679"
and two earrings with mark "OOH511";

xxviii. two yellow gold Cartier earrings with mark "Cartier HYF993
Au750";

xxix.  one yellow gold Cartier necklace with panther's head pendant
with mark "Cartier ODZ299 Au750";

xxx.  one yellow gold Cartier ring with mark "Cartier 52 Au750
DYS525";

Preliminary Order of Forfeiture - 12
*United States v. Potapenko et al.,* CR22-185-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

xxxi.   one black TAG Heuer watch with mark "RZV9969 WAY218B LIMITED EDITION 0899/2500"; and

xxxii.  one yellow gold jewelry set, including one ring with mark "585 ITALY 1234VI ERORO" and two earrings with mark "SUPERORO 1231 VI 585 ITALY";

gg.   the following jewelry and associated accessories and documentation seized from the residence of Sergei Potapenko:

i.      one gold and black Hublot watch with mark "1231833";

ii.     one Rolex watch with marks "P578G452" and "Au750";

iii.    one Rolex watch with mark "355196Y5";

iv.     one Rolex watch with mark "6380X5H0";

v.      one gold and dark blue Omega Speed Master watch with mark "89516154 (Au750)";

vi.     one metallic Tag Heuer watch with mark "WAR2413-0 WWA0521";

vii.    one gold and black Hublot watch with mark "1301642";

viii.   one metallic Zenith El Primero watch with mark "032046400 350786";

ix.     one metallic TAG Heuer watch with mark "CV5111 NO1775835"; and

x.      one metallic Tag Hauer watch with mark "CV2A11 EPB0858"; and

hh.   the following virtual currency miners located in Estonia, along with any associated electronic accessories:

i.      382 P104 miners under a HashCoins label;

ii.     39 M-P106L9-N miners under a Manli label;

iii.    463 Antminer S17+ miners;

Preliminary Order of Forfeiture - 13
*United States v. Potapenko et al.*, CR22-185-RSL

1            iv.    358 Antminer S19j Pro/S19 Pro miners; and

2            v.    2,546 Antminer S19j Pro miners.

3        The Court, having reviewed the United States' Motion, the Declaration of AUSA

4    Jehiel Baer filed therewith ("Baer Decl."), as well as the other papers and pleadings filed

5    in this matter, including hereby FINDS entry of a Preliminary Order of Forfeiture is

6    appropriate for the following reasons:

7        1.    Defendants Sergei Potapenko and Ivan Turõgin each entered into plea

8    agreements on February 12, 2025, in which they entered pleas of guilty to *Conspiracy to*

9    *Commit Wire Fraud*, as charged in Count 1 of the Indictment. Dkt. Nos. 162, 165 ("Plea

10   Agreements").

11       2.    Each of the assets comprising the Subject Property constitutes, was

12   purchased with, or otherwise derives from proceeds Defendants Potapenko and Turõgin

13   obtained as a result of *Conspiracy to Commit Wire Fraud*, to which they entered pleas of

14   guilty. Dkt. Nos. 162 ¶ 8, 165 ¶ 8; Baer Decl. ¶ 4.

15       3.    In their respective Plea Agreements, Defendants Potapenko and Turõgin

16   agreed to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c),

17   any property—including the Subject Property—constituting or derived from proceeds of

18   *Conspiracy to Commit Wire Fraud*, to which they entered pleas of guilty. Dkt. Nos. 162

19   ¶ 12, 165 ¶ 12; Baer Decl. ¶ 4.

20       4.    The Subject Property is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by

21   way of 28 U.S.C. § 2461(c), as property that constitutes or is derived from proceeds of

22   *Conspiracy to Commit Wire Fraud*, as charged in Count 1 of the Indictment, to which

23   Defendants Potapenko and Turõgin entered pleas of guilty.

24

25       NOW, THEREFORE, THE COURT ORDERS:

26       1.    Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and

27   Defendants Potapenko's and Turõgin's Plea Agreements, Defendants Potapenko's and

Preliminary Order of Forfeiture - 14
*United States v. Potapenko et al.*, CR22-185-RSL

Turõgin's respective interests in the Subject Property are fully and finally forfeited, in their entirety, to the United States;

2.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendants Potapenko and Turõgin at the time they are sentenced, it will be made part of the sentence, and it will be included in their judgments;

3.      The Department of Justice, Federal Bureau of Investigation and United States Marshals Service, and/or their authorized agents or representatives, shall continue to maintain any of the Subject Property currently in their custody and control until further order of this Court;

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least 30 days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the defendants, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

a.      shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

b.      shall be signed by the petitioner under penalty of perjury; and,

c.      shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5.      If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6.      If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7.      The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this __20th__ day of _____March_____, 2025.

THE HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented By:

_s/ Jehiel I Baer_____
JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Jehiel.Baer@usdoj.gov

Preliminary Order of Forfeiture - 16
*United States v. Potapenko et al.*, CR22-185-RSL