UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR22-185RSL |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| SERGEI POTAPENKO, and IVAN TURÕGIN, | |
| Defendants, | |
| v. | |
| POLYBIUS FOUNDATION SE, PILATUS OÜ, and ANTON ALTEMENT, | |
| Petitioners. | |

This matter comes before the Court on the Government's motion to dismiss a petition seeking this Court's adjudication of alleged interest in property pursuant to 21 U.S.C. 853(n). Dkts. # 186, 189. The petitioners—Polybius Foundation SE, Pilatus OÜ, and Anton Altement— have filed their opposition to Government's motion (Dkt. # 219) and the Government has filed a reply (Dkt. # 242).[1] Having considered the briefing, the related declarations (Dkts. # 190, 220,

---

[1] This matter can be decided on the papers submitted. Petitioners' request for oral argument is DENIED.

ORDER GRANTING MOTION
TO DISMISS - 1

221, 238), and the record herein, the Court GRANTS the Government's motion to dismiss for failure to state a claim.

## I.      Background

Defendants Sergei Potapenko and Ivan Turõgin are residents of Estonia who admitted to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Dkts. # 162, 165. Their actions resulted in "the largest fraud ever prosecuted in the history of this District," a crime that affected 440,000 customers worldwide and brought in more than $577 million. Dkt. # 208 at 1–2, 23. On March 20, 2025 this Court entered a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), for certain property that "constitutes, was purchased with, or otherwise derives from proceeds Defendants Potapenko and Turõgin obtained as a result of [their crime]." Dkt. # 174. Some of the preliminarily forfeited property is held "in the name of Polybius Foundation." *Id*.

Petitioner Polybius Foundation SE was "established" by defendants Sergei Potapenko and Ivan Turõgin. Dkts. # 162 at ¶ 8; 165 at ¶ 8. It was originally envisioned as "an innovative financial institution focused on virtual currencies." Dkt. # 186 at ¶ 11. Defendants Sergei Potapenko and Ivan Turõgin appear to have been on Polybius's board since its inception and appear to remain on Polybius's board to this day. Dkts. # 186, Ex. 5 at ¶ 4.3, Ex. 1 at ¶ 25; 242 at 8–10. Polybius now has three additional, "independent" board members who have been appointed by an Estonian court. Dkt. # 219 at 10:14–20. The Estonian court described the powers of these three additional board members as being limited to, among other things, "filing a so-called 'innocent owner' claim with the United States court for the return of assets of

ORDER GRANTING MOTION
TO DISMISS - 2

Polybius Foundation SE seized within the framework of criminal case No. 2:22-CR-00185-RSL," i.e., this case. Dkt. # 186, Ex. 1 at ¶ 26.

Petitioner Pilatus OÜ is a "holding company" that is 100 percent owned by petitioner Anton Altement. Dkt. # 186 at ¶ 17, Ex. 8. Mr. Altement was added to the Polybius board on March 8, 2018, and resigned from the Polybius board on November 29, 2022. Dkt. # 186 at ¶ 17, Ex. 1 at ¶ 1. Pilatus, is a "25% shareholder" of Polybius. Dkt. # 186 at 1:17.

## II.    Legal Standard

Where, as here, a petition is filed asserting third-party interests in property subject to a preliminary order of forfeiture, "the court must conduct an ancillary proceeding." Fed. R. Crim. P. 32.2(c)(1). "In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). "For the purposes of the motion, the facts set forth in the petition are assumed to be true." *Id*.

This process mirrors the process under Fed. R. Civ. P. 12(b) and courts have followed the Fed. R. Civ. P. 12(b) process in dealing with motions seeking to dismiss third-party petitions asserting interests in property subject to criminal forfeiture. *See United States v. Morgan,* No. 2:18-CR-00132-RAJ, 2022 WL 1443743, at *2 (W.D. Wash. May 6, 2022), *aff'd sub nom. United States v. Guadalupe*, No. 22-35394, 2023 WL 2966038 (9th Cir. Apr. 17, 2023) (stating: "A motion to dismiss a third-party petition in a forfeiture proceeding . . . is treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Accord Willis Mgmt. (VT.) Ltd. v. United States*, 652 F.3d 236, 241 (2d Cir. 2011).

ORDER GRANTING MOTION
TO DISMISS - 3

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

ORDER GRANTING MOTION
TO DISMISS - 4

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). In addition, the factual allegations in a complaint "must be enough to rise above the speculative level." *Twombly*, 550 U.S. 544 at 555 (2007).

### III.    Discussion

Petitioners assert "legally protected interests" in the assets of Polybius and its subsidiaries. Dkt. # 186 at ¶ 2, 3, 6, 8. They ask this Court to find their "legally protected interests" exempt from forfeiture. Dkt. # 186 at ¶ 8. The Government places the value of the assets petitioners seek to exempt at "more than $50 million." Dkt. # 242 at 2:15. Under 21 U.S.C. § 853(n)(6)(B), if petitioners can establish that they are bona fide purchasers for value of the asserted interest in those assets, and at the time of the purchase(s) were "reasonably without cause to believe that the property was subject to forfeiture under this section," then this Court must amend the order of forfeiture accordingly.

### A. Petitioners Pilatus OÜ and Anton Altement have not plausibly asserted a legal interest in the relevant assets.

Under 21 U.S.C. § 853(n)(3), petitioners must "set forth the nature and extent" of their "right, title, or interest in the property." Here, the property at issue is "certain assets forfeited to the United States under the Court's March 20, 2025 Preliminary Order," including "funds and virtual currencies held by Polybius and its subsidiaries." Dkt. #186 at 1. As stated above, the Government places the value of these assets at "more than $50 million." Dkt. # 242 at 2:15. Petitioners variously assert "interest" in these assets, "ownership interests" in these assets, and an "ownership stake" in these assets. *See* Dkt. # 186 at ¶ 2, 6, 25. While Fed. R. Crim. P.

ORDER GRANTING MOTION
TO DISMISS - 5

32.2(c)(1)(A) states that on a motion to dismiss "the facts set forth in the petition are assumed to be true," petitioners also acknowledge that Rule 32.2(c)(1)(A) "incorporates the familiar motion-to-dismiss framework under Federal Rule of Civil Procedure 12(b)." Dkt. # 219 at 11 (citing *Willis Mgmt.*, 652 F.3d 236 at 241 (2d Cir. 2011)). Under that familiar motion to dismiss framework, this Court need not accept as true "allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall*, 629 F.3d 992 at 998 (9th Cir. 2010).

Here, petitioners have attached to their petition an "Option agreement for the purchase of share" dated Sept. 11, 2017. Dkt. # 186 at Ex. 4. It states: "The object of this Agreement is the purchase of a share of Polybius Foundation" by Pilatus OÜ "in the amount of 25 % of the share capital with the nominal value of 625 euros." *Id*. The agreement's option to purchase was exercised on March 8, 2018, and 25% of Polybius's shares were issued to Pilatus. Dkt. # 186 at ¶ 17, 25 and Ex. 6. At the time, the nominal value of 25% of Polybius's shares was € 900, which is what Pilatus paid to exercise the option. Dkts. # 186 at Ex. 6; 219 at 9:15. The document attached to the petition thus demonstrates that, as stated in the first sentence of the petition, Pilatus is a "25% shareholder" in Polybius. Dkt. # 186 at 1:17 and Ex. 4.

However, elsewhere in the petition, petitioners variously assert that they have "interest," "ownership interests," and an "ownership stake" in preliminarily forfeited *assets* of Polybius. *See* Dkt. # 186 at ¶ 2, 6, 25. With regard to petitioner Pilatus OÜ, these assertions are contradicted by the attached "Option agreement for the purchase of share," which only

ORDER GRANTING MOTION
TO DISMISS - 6

establishes that Pilatus is a 25% *shareholder* in Polybius. Dkt. # 186 at Ex. 4. "An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets . . . ." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). *See also United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015) (finding, in the context of a civil forfeiture action, that a company shareholder did not hold title to any of the funds in a company brokerage account, thus the shareholder could not assert an "innocent owner" interest in the brokerage account's funds under the civil forfeiture rules). The Court will therefore accept as true the petition's statement that Pilatus is a "25% shareholder" in Polybius. Dkt. # 186 at 1:17. But the Court will not accept as true the petition's statements suggesting that Pilatus has an ownership interest in *assets* of Polybius that have been preliminarily forfeited to the United States, because those statements are contradicted by the "Option agreement for the purchase of share" attached to the petition. *Daniels-Hall*, 629 F.3d 992 at 998 (9th Cir. 2010). *See also* Dkt. # 186 at Ex. 4 and ¶ 2, 6, 25.[2] Alternatively, the statements suggesting that Pilatus has an ownership interest in *assets* of Polybius are "merely conclusory." *Id*.

In addition, because Pilatus's status as a 25% shareholder in Polybius fails to give Pilatus any ownership interest in Polybius's assets, Anton Altement's role as the "sole owner" of Pilatus cannot give Mr. Altement any ownership interest in Polybius's assets. Dkt. # 186, ¶ 2. Therefore the court finds that petitioners Pilatus OÜ and Anton Altement have failed to plausibly state a

---

[2] Petitioners have not argued in their response that state or foreign law compels a different result here with regard to shareholder non-ownership of corporate assets. Dkts. # 189 at 18:5–8, 20:26–22:21; 219.

ORDER GRANTING MOTION
TO DISMISS - 7

claim that they have a legal interest in the relevant assets of Polybius Foundation SE. *Benavidez*, 993 F.3d 1134 at 1144–45 (9th Cir. 2021); 21 U.S.C. § 853 (n)3, 6(B).

## B. Knowledge of defendants' fraud is imputed to Petitioner Polybius Foundation SE, therefore Polybius's petition fails.

Even where a petitioner is demonstrably "a bona fide purchaser for value of the right, title, or interest" in property that has been subject to a preliminary order of forfeiture, that petitioner cannot succeed on a third-party interest claim unless the petitioner "was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n)(6)(B). Here, petitioner Polybius asserts third-party interest in assets described in the Court's March 20, 2025 Preliminary Order of Forfeiture at paragraphs (a), (f)–(h), (n)–(o), (u), and (w). *See* Dkt. # 186 at ¶ 2 (citing Dkt. # 174 at 1–4, 7).[3] The Court found that each of these assets "was purchased with, or otherwise derives from proceeds Defendants Potapenko and Turõgin obtained as a result of *Conspiracy to Commit Wire Fraud*, to which they entered pleas of guilty." Dkts. # 174 at 14.

Defendants Sergei Potapenko and Ivan Turõgin "established" Polybius. Dkts. # 162 at ¶ 8; 165 at ¶ 8. According to petitioners, Mr. Potapenko described Polybius as "as innovative financial institution focused on virtual currencies" that "would raise capital through an initial

---

[3] Because the Court ultimately finds that Polybius Foundation SE cannot state a plausible claim under 21 U.S.C. § 853(n)(6)(B), it need not address petitioners' contentions regarding alleged assets of Polybius's subsidiaries (*see* Dkt. # 186 at ¶ 8), nor need it address petitioners' contention that assets of Polybius are described, but not marked as assets of Polybius, in paragraphs (f)–(h) of the Court's March 20, 2025 Preliminary Order of Forfeiture (*see* Dkt. # 186 at ¶ 3).

ORDER GRANTING MOTION
TO DISMISS - 8

coin offering ("ICO") of its native PLBT Token." Dkt. # 186 at ¶ 11. The Polybius ICO "launched" on May 31, 2017 and ultimately raised approximately $31.65 million. *Id*. at ¶ 13–14. At the time of the ICO, the only members of Polybius's board were defendants Sergei Potapenko and Ivan Turõgin. Dkt. # 242 at 9:6. While the Polybius ICO occurred in 2017, the conspiracy to commit wire fraud perpetrated by defendants Sergei Potapenko and Ivan Turõgin began "no later than 2015." Dkts. # 162 at ¶ 2; 165 at ¶ 2.

On March 8, 2018, petitioner Anton Altement was added to the Polybius board. Dkt. # 186 at ¶ 17. Mr. Altement resigned from the Polybius board on November 29, 2022. Dkt. # 186, Ex. 1 at ¶ 1. In March 2025, Mr. Altement petitioned an Estonian court to remove defendants Sergei Potapenko and Ivan Turõgin from the Polybius board and appoint "neutral" board members. Dkts, # 186, Ex. 1 at ¶ 1; 219 at 10:15. The Estonian court declined to remove defendants Sergei Potapenko and Ivan Turõgin from the Polybius board but did appoint three additional board members to, among other things, pursue this petition. Dkt. # 186, Ex. 1 at ¶¶ 23–26.

Therefore, as far as this Court can ascertain from the pleadings and exhibits, defendants Sergei Potapenko and Ivan Turõgin have been on the Polybius board since its inception, serving for much of that time as either the only two board members or as an effective board majority, and they remain on the Polybius board to this day. Dkts. # 186, Ex. 5 at ¶ 4.3, Ex. 1 at ¶ 25; 242 at 8–10. The knowledge that defendants Sergei Potapenko and Ivan Turõgin had of their ongoing conspiracy to commit wire fraud while officers of Polybius is thus imputed to Polybius. *United States v. 101 Houseco, LLC*, 22 F.4th 843, 850 (9th Cir. 2022). This prevents Polybius

ORDER GRANTING MOTION
TO DISMISS - 9

Foundation SE from being able to state a plausible third-party interest claim under 21 U.S.C. § 853(n)(6)(B). *United States v. 101 Houseco, LLC*, 22 F.4th 843, 850 (9th Cir. 2022); *Benavidez*, 993 F.3d 1134 at 1144–45 (9th Cir. 2021).

**IV.    Conclusion**

For all to foregoing reasons, the Government's motion to dismiss (Dkt. # 189) is GRANTED.

IT IS SO ORDERED.

DATED this 31st day of March, 2026.

*MM S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO DISMISS - 10